**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DEURSLA LASHAY BARRON**                                                      **PLAINTIFF**

**V.**                              **CASE NO.  3:20-cv-00188 JM**

**CURTIS TATE**                                                                **DEFENDANT**

## ORDER

Plaintiff Deursla Lashay Barron, in custody at the Craighead County Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.  (Doc. No. 2).  She also filed an application for leave to proceed *in forma pauperis*.  (Doc. No. 1).  Because Barron makes the showing required by 28 U.S.C. § 1915, her motion for leave to proceed *in forma pauperis* (Doc. No. 1) is GRANTED.  Her Complaint, however, will be dismissed for failure to state a claim on which relief may be granted.

### I.  *In Forma Pauperis* Application

Because Barron has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), her request to proceed *in forma pauperis* (Doc. No. 1) is granted.  The Court assesses an initial partial filing fee of $1.03.  If Barron's account does not contain the full amount assessed as an initial partial filing fee, Barron's custodian shall withdraw from the account any portion of the initial filing fee available, even if the account balance is under $10.00.  After the initial partial filing fee has been collected, Barron's custodian shall  collect the remainder of the filing fee in monthly payments equal to 20% of the preceding month's income in Barron's institutional account each time the amount in that account is greater than $10.  Barron's custodian must send these payments to the Clerk

until a total of $350 has been paid.  These payments should be clearly identified by the name and number assigned to this action.

## II.  Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A.  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## III.  Discussion

Barron is currently incarcerated in the Craighead County Detention Center and is awaiting trial on pending criminal charges.  (Doc. No. 2 at 3).  Barron's claims in this case

2

arise out of her experiences with the public defenders appointed to represent her in Craighead County, Arkansas. (*Id*. at 4-5). Rather than suing any public defender, Barron named Curtis Tate as a Defendant; she identifies Tate as the person who assigns public defenders to their clients. (*Id*. at 1). According to Barron, she has "had problems even trying to learn, ask questions of even being told where to file a grievance when [she] need[s] to complain about the public defenders . . . in Jonesboro . . . ." (*Id*. at 4). She alleges she was passed from one public defender to the next, and none of the defenders knew the details of her case. (*Id*. at 4-5).

Barron maintains she "was tricked into signing a plea deal January 2nd 2020." (Doc. *Id*. at 4). As she explained it, the public defender told her she would be sentenced only to time served, "but the paper work said 5 years of probation." (Doc. No. 2 at 5). Barron said she tried calling and writing the public defender, but to no avail. (*Id*. at 5). She believes that "[i]nmates at [the] Craighead County Detention Center have been put through double jeopardy, abuse, conned, manipulated, tricked and scandaled, and flat out lied to for decades." (*Id*.). Barron does not seek damages, but asks for a complete overhaul of the public defender's office—from filing clerks to secretaries to counsel—and requests the jail be shut down. (*Id*. at 6).

### A.    *Habeas Corpus*

While 42 U.S.C. § 1983, a civil rights statute, and the federal *habeas corpus* statutes each provide relief from the violation of constitutional rights by a state official, the type of relief offered by each differs. If a prisoner is seeking money damages or an injunction (*i.e.* looking for relief other than release from confinement), 42 U.S.C. § 1983 creates a cause

of action against a state official who allegedly violated the prisoner's federally-protected rights.  But "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

> The United States Supreme Court
>
> has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.  Thus, *Preiser* found an implied exception to § 1983's coverage where the claim seeks . . . "core" habeas corpus relief, *i.e.,* where a state prisoner requests present or future release.

*Wilkinson v. Dotson*, 125 S. Ct. 1242, 1245 (2005).

Here, Barron asks that the jail be shut down—in effect, she is asking for her immediate release.  If Barron wishes to challenge her confinement, she must do so through a *habeas corpus* petition.  *Wilson v. Lockhart*, 949 F.2d 1051 (8th Cir. 1991).  She cannot obtain release through this  § 1983 action.

The Court notes that while Barron says she is currently in custody pending trial, she also challenges her January 2, 2020 conviction by alleging she was tricked into pleading guilty.  To the extent Barron seeks to invalidate her conviction, her claims are barred by the holding of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**B.      Official Capacity Claims**

Barron sued Tate in his personal and official capacities.  "A suit against a government officer in his official capacity is functionally equivalent to a suit against the

employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Public defender's office personnel are considered employees of the County in which they serve. *See, for example, Ware v. Nebraska, Buffalo County*, case no. 8:18-cv-143, 2018 WL 5299713, *3 (D. Neb. Oct. 25, 2018). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *See Veatch,* 627 F.3d at 1257. Barron maintains that Craighead County receives a certain amount of money to transport and house inmates. (Doc. No. 2 at 5.) But she does not say how this violated her rights or harmed her, and the Court sees no relation between this allegation and the purported shortcomings of the public defenders appointed to her. Barron sued Tate, who purportedly assigns defenders to clients. Barron did not, however, challenge anything about the process of appointing a defender. Accordingly, the Court does not interpret Barron's Complaint as making policy, practice, or custom claim in connection with how public defenders are assigned to their clients.

### C.     Personal Capacity Claims: No Allegations of Individual Action

Barron brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through

5

the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Barron's factual allegations are insufficient to make out a claim against Tate. Barron complains about the public defenders assigned to her case. (Doc. No. 2 at 4-5). Barron named Tate as a Defendant and identified him as the "person in charge of assigning inmates to a public defender." (*Id.* at 1.) While Barron named Tate as a party, she did not make any specific factual allegations against him. Liberally construing Barron's Complaint, the Court is unable to glean how Tate caused any alleged violation to Barron's federally protected rights. And to the extent Barron seeks to hold Tate responsible under the theory of *respondeat superior*, vicarious liability is not available under § 1983. *See Parrish*, 594 F.3d at 1001. Further, as a member of the public defender's office, it appears generally that Tate would not be a state actor for § 1983 purposes. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *Chambers v. Kaplan*, 648 F.2d 1193, 1194 (8th Cir. 1981).

## IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1.     Barron's motion for leave to proceed *in forma pauperis* (Doc. No. 1) is GRANTED.

2.     Barron's custodian, the Administrator of the Craighead County Detention Center, is directed to collect an initial partial filing fee in the amount of $1.03, and thereafter to collect the remainder of filing fee in monthly payments equal to 20% of the

preceding month's income in Barron's institutional account each time the amount in Barron's account is greater than $10.  Barron's custodian must send those payments to the Clerk until a total of $350 has been paid.  All payments made on Barron's behalf must be identified by the name and number assigned to this action.

3.      The Clerk of the Court is directed to send a copy of this order to the Administrator of the Craighead County Detention Center, 901 Willett Road, Jonesboro, Arkansas 72401.

4.      Barron's claims are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

5.      Barron's Complaint (Doc. No. 2) is DISMISSED WITHOUT PREJUDICE.

6.      This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

7.      This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order and accompanying Judgment is considered frivolous and not in good faith.

IT IS SO ORDERED this 20th  day of July, 2020.


_____
UNITED STATES DISTRICT JUDGE